**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Guerrero,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-08127-PCT-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the AntiTerrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 15). The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 8).

### I. REVIEW OF AN R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a

de novo determination of those portions of the [report and recommendation] to which objection is made"). In this case, Petitioner filed objections to the R&R, (Doc. 18), and the Court will review those objections de novo.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

In July 2010, the Superior Court of Arizona in and for Mohave County entered judgment convicting Petitioner of first degree murder and misconduct involving weapons. (Doc. 1 at 9). The trial court imposed a natural life sentence without possibility of parole for the first degree murder offense, followed by an aggravated twelve-year sentence for the misconduct involving weapons offense. (*Id.*). The Arizona Court of Appeals affirmed Petitioner's convictions and ordered the twelve-year sentence to run concurrently with the natural life sentence. (*Id.* at 22). Thereafter, Petitioner sought post-conviction relief, which was denied on April 22, 2015. (*Id.* at 25–26). On June 13, 2018, Petitioner initiated this federal habeas proceeding. (Doc. 1). The Court required Respondents to answer the Petition. (Doc. 5). Respondents filed their Answer on October 16, 2018, claiming the Petition is barred by the AEDPA's statute of limitations. (Doc. 13 at 5–6). Petitioner filed a Reply on November 15, 2018. (Doc. 14). A Magistrate Judge issued a R&R to the Court, (Doc. 15), and Petitioner filed objections, (Doc. 18).

**III.    R&R**

The R&R recommends that the Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 15 at 2–7).

As explained by the Magistrate Judge, the AEDPA, 28 U.S.C. § 2244(d), provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 2). Here the parties do not dispute that the statute of limitations for Petitioner's claims began running in April 2015, when the petition for post-conviction relief was denied by the Arizona Court of Appeals. (Doc. 1 at 27; Doc. 13 at 4–5). Petitioner concedes that he "does not have adequate statutory grounds for tolling his statute of limitations," (Doc. 1 at 27), because the Petition was filed approximately three years after the commencement of the statute of limitations. (Doc. 1). The issue before the Court is

whether equitable tolling or the miscarriage of justice exception should be applied to prevent the Petition from being procedurally barred from federal habeas review. (*See* Doc. 18 at 5, 8).

As the Magistrate Judge noted, AEDPA's statute of limitations is subject to equitable tolling. (Doc. 15 at 3 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010))). The Magistrate Judge explained that "a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way." (*Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

The Magistrate Judge rejected Petitioner's argument for equitable tolling based on his pro se status, stating that "a petitioner's pro se status, on its own, is not enough to warrant equitable tolling." (*Id.* at 4 (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005))). The Magistrate Judge also rejected Petitioner's argument based on his ignorance of the statute of limitations and lack of legal sophistication in general because "alleged ignorance of the statute of limitations or 'lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.'" (*Id.* (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006))). The Magistrate Judge found no indication that the "circumstances of Petitioner's incarceration made it 'impossible' for Petitioner to timely file a habeas petition." (*Id.* (citing *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353–54 (S.D.N.Y. 2002))). The Magistrate Judge concluded that Petitioner is not entitled to equitable tolling because he "has failed to show the existence of 'extraordinary circumstances' that were the proximate cause of the untimely filing of this proceeding." (*Id.* (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003))).

The Magistrate Judge also noted that the Supreme Court has held there to be a "miscarriage of justice exception," also called the "actual innocence gateway," to permit review of federal habeas petitions, which extends to petitions that are time barred under the AEDPA. (*Id.* at 5 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 391–398 (2013); *Schlup v.*

*Delo*, 513 U.S. 298, 327 (1995))). The Magistrate Judge recognized that "a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence and not mere legal insufficiency." (*Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998))). Further, the Magistrate Judge acknowledged that "'such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence.'" (*Id.* (quoting *Schlup*, 513 U.S. at 324))).

The Magistrate Judge rejected Petitioner's argument for actual innocence based on the new evidence of an affidavit from Santiago Sanchez ("Sanchez") because, as a post-conviction statement by a co-defendant, it should be treated with skepticism and does not constitute reliable evidence for the purpose of establishing actual innocence. (*Id.* at 6–7 (citing *Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004); *Herrera v. Collins*, 506 U.S. 390, 423 (1993))). The Magistrate Judge also rejected Petitioner's argument for actual innocence based on the new evidence of an affidavit from a private investigator because it "does not materially bolster the credibility of Sanchez' affidavit" and therefore is "not the type of evidence that meets the *Schlup* requirements of reliable new evidence." *(Id.* at 7). The Magistrate Judge concluded that "[b]ecause Petitioner has failed to satisfy his burden of producing 'new reliable evidence' of his actual innocence . . . Petitioner cannot pass through the [actual innocence] gateway to excuse the untimeliness of this federal habeas proceeding." (*Id.* at 7 (citing *Smith v. Hall*, 466 F. App'x 608, 609 (9th Cir. 2012))).

Based on Petitioner's failure to file his habeas action within the statute of limitations and the finding that Petitioner failed to state a sufficient basis for equitable tolling, or actual innocence, the Magistrate Judge recommends that the Petition be dismissed with prejudice as untimely. (*Id.* at 8).

**IV. Petitioner's Objections**

Petitioner objects to the Magistrate's R&R in its entirety and specifically on the grounds of equitable tolling and the actual innocence exception not being applied to the Petition to prevent a procedural bar. (Doc. 18 at 2). The Court reviews these objections de

- 4 -

novo. *See Reyna–Tapia*, 328 F.3d at 112.

### A. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the AEDPA's statute of limitations and objects to the Magistrate Judge's findings to the contrary in the R&R. (Doc. 18 at 5–6).

As noted above, a petitioner seeking equitable tolling must establish that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418. The extraordinary circumstances Petitioner argues is that counsel was unable to file a petition within the time limits because counsel was not retained until after the statute of limitations had run. (Doc. 18 at 7). However, "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson*, 544 U.S. at 311; *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that pro se status, on its own, is not enough to warrant equitable tolling").

Petitioner also claims that he was not properly advised by prior attorneys and was given misleading information by a staff/paralegal at Yuma's prison complex, specifically that he had two years to file a habeas petition. (Doc. 18 at 7). However, none of these reasons constitute an extraordinary circumstance. *See Wilson*, 188 F. Supp. 2d at 353–54 (noting that allegations a petitioner lacked legal knowledge and had to rely on other prisoners for legal advice and in preparing his papers "cannot justify equitable tolling" as such circumstances are not "extraordinary"); *Alexander v. Schriro*, 312 F. Appx. 972, 975 (9th Cir. 2009) (finding the allegation that a prison paralegal gave a petitioner incorrect legal advice in calculating the limitations period did not rise to the level of extraordinary circumstances); *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002) (determining equitable tolling was unavailable where counsel appointed to represent petitioner during his direct appeal in state court provided inaccurate advice concerning when his habeas petition was due); *Collier v. McVey*, No. CIV.A.-11-1547, 2011 WL 2669089 (E.D. Pa. July 7, 2011) (explaining the fact that a petitioner's attorneys at the state level "did not inform him of the

1 deadline for filing a federal habeas petition does not mean that the petitioner was prevented, let alone in some 'extraordinary way,' from asserting his rights"). Because there is no indication in the record that the circumstances of Petitioner's incarceration made it "impossible" for Petitioner to timely file a federal habeas petition, the Court finds that Petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations. *See Chaffer*, 592 F.3d at 1049.

### B. Actual Innocence

Petitioner also argues that AEDPA's one-year statute of limitations should be excused based on the miscarriage of justice exception and objects to the Magistrate Judge's findings to the contrary in the R&R. (Doc. 18 at 2).

As noted above, a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his factual innocence and not mere legal insufficiency. *See Bousley*, 523 U.S. at 623. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Petitioner has the burden of proving it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of that new evidence. *Id.* at 329.

Petitioner focuses on the affidavits submitted by Sanchez and a private investigator. (Doc. 18 at 10). As the Magistrate Judge noted, these affidavits are considered new evidence because they were not introduced to the jury at trial. *See Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (noting the relevant question is not "whether the new evidence was available to the defendant during his trial, but rather [] whether the new evidence was introduced to the jury at trial") (citation omitted). However, the new evidence also must be reliable and make it more probable than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329.

Sanchez was Petitioner's co-defendant and, in his affidavit, he states that he "acted on [his] own in this killing," that Petitioner "was not in town the night of the murder" and

Petitioner "did not commit this murder." (Doc. 1-1 at 47). The Court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence" and "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332. Sanchez entered a stipulated guilty plea to second degree murder on May 27, 2011, (Doc. 15 at 10–12), but did not give an affidavit in Petitioner's case until February 11, 2013 and offers no explanation for this delay. (Doc. 1-1 at 47–48). "Post-conviction statements by codefendants are inherently suspect because codefendants may try to assume full responsibility for the crime without any adverse consequences." *Allen*, 366 F.3d at 405. As both the Magistrate Judge, (Doc. 15 at 7), and Superior Court Judge, (Doc. 1-1 at 33), noted, Sanchez has nothing to lose by making up any story he wants in order to help a friend. Further, the affidavit itself is not credible as it hardly provides any details as to how or why Sanchez committed the murder. (*See* Doc. 1-1 at 47–48). Additionally, both Kristin Flores and Kristi Workman stated at trial that they saw Petitioner the night of the murder with Sanchez. (Doc. 1 at 39, 49, 60–61). That testimony further sheds doubt on Sanchez's affidavit and makes it unlikely that no reasonable juror would have found Petitioner guilty. *See Schlup*, 513 U.S. at 329.

The private investigator's affidavit details his investigation of Petitioner's case. (Doc. 1-1 at 50–57). However, this investigation did not turn up any new concrete evidence. (*See id.*). The investigator's affidavit states that, on March 19, 2012, he interviewed Petitioner's girlfriend, who stated that she was with Petitioner when the murder took place. (*Id.* at 50). However, the investigator was unable to find any hotel records to corroborate that claim. (*Id.* at 50–57); *see also* (Doc. 18 at 14). The investigator was also unable to find any conclusive evidence indicating Petitioner's innocence from the records of a rental car that Petitioner allegedly drove around the time of the murder. (Doc. 1-1 at 56–57). In his discussion about the rental car investigation, he concludes only by noting, "in the five rentals considered above there were no less than four (4) data entry errors and no less than five (5) omissions by Enterprise Rent-a-car employees." (*Id.* at 57). Petitioner

does not meet his burden of proving by preponderance of the evidence that no reasonable juror would have found him guilty beyond a reasonable doubt in light of that new evidence. *See Schlup*, 513 U.S. at 32. Accordingly, Petitioner failed to show he is entitled to proceed through the actual innocence gateway around the AEDPA's statute of limitations.

**V.     Evidentiary Hearing**

At the end of his objections, Petitioner includes a request for an evidentiary hearing to establish the reliability of new evidence. (Doc. 18 at 17–20). "When a prisoner files a [habeas petition], the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (citation omitted). "Evidentiary hearings are particularly appropriate when 'claims raise facts which occurred out of the courtroom and off the record.'" *Chacon-Palomares*, 208 F.3d at 1159 (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). "On the other hand, the petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Id.* (citing *United States v. Hearst*, 638 F.2d 1190, 1194–95 (9th Cir. 1980)). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (citation omitted).

In order to merit an evidentiary hearing, Petitioner must "make specific factual allegations which, if true, would entitle him to relief." *Baumann*, 692 F.2d at 571. In assessing whether an evidentiary hearing is warranted, the Court considers whether such a hearing "would produce evidence more reliable or more probative" with regard to petitioner's assertion of actual innocence than the declarations before the court. *Griffin*, 350 F.3d at 966. Here, Petitioner claims that, if called, Sanchez will testify to the statements made in his affidavit. (Doc. 18 at 18–20). However, even if Sanchez does testify at an

evidentiary hearing consistent with his affidavit, his testimony would still not meet the high bar required for Petitioner to prove his actual innocence. There is no indication in Petitioner's request for an evidentiary hearing that Santiago Sanchez, Isabel Sanchez or the private investigator would allege more facts at an evidentiary hearing than what is stated in the declarations already before the Court. (*See* Doc. 18 at 17–20). Petitioner does not claim that an evidentiary hearing would produce any more reliable or probative evidence. (*Id.*). Therefore, the Court need not hear their testimony at an evidentiary hearing in order to evaluate the reliability and credibility of their statements. As a result, Petitioner's request for an evidentiary hearing is denied.

## VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is accepted and adopted; the objections (Doc. 18) are overruled. The Petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 13th day of August, 2019.

James A. Teilborg
Senior United States District Judge